SUPREME COURT—IN BANCO.

JANUARY TERM—1877.

*Allen, Ch. J., Harris and Judd, J. J.*

R. P. KUIKAHI *vs.* KAOPUA,—ON EXCEPTIONS FROM THE JUDGMENT OF CIRCUIT COURT, THIRD JUDICIAL CIRCUIT, NOVEMBER TERM, A. D. 1876.

SECTION 244 of the Civil Code provides a mode for the restoration of impounded animals within twenty-four hours, but the pound master is bound to obey a magistrate's order for their release, although made after that time has expired.

OPINION BY HARRIS, J.

This case comes up from the November term of the Third Judicial Circuit.

It appears that the case was first tried before the District Justice of Hamakua, who gave judgment for the defendant, but the plaintiff appealed to the local Circuit Judge of that Circuit (Judge Hart), who gave judgment for the plaintiff. From this judgment the plaintiff appealed to the Circuit Court, when an agreement was filed to waive a jury, and the Court proceeded to take the whole matter into consideration,

having the testimony before them, and again gave a judgment for the plaintiff.

The defendant excepts to the judgment, because he says "that the defendant was pound master, and that he had a right to refuse to deliver up the plaintiff's cattle, after twenty-four hours impounding the same, and notice to plaintiff, upon an order of the District Judge, made after the expiration of the said twenty-four hours; the Judge being absent at Honolulu when the cattle were impounded, being informed (upon the second legal day after receiving the said order), by the Judge issuing the same, that the said order was of no effect, and that he need not deliver up the cattle as ordered.

The Court ruled that the defendant was bound to obey the order without question, and was responsible for the detention of the cattle.

It appears by the testimony that every effort was made by the plaintiff to get an order from the Magistrate to deliver up the cattle, but that the Magistrate was at Honolulu, at the time, and no deputy was in the district. It likewise appears from the testimony, that after the order was made by the Magistrate, the pound master was very active in trying to get the order revoked, and that at the sale, his wife bought the cattle in question. This was, therefore, a sham sale; in point of fact, the cattle at the time of the suit, had not been sold at all, by the pound master, but were still in his possession. It appears likewise, that at the time of the conversation between the defendant and the Magistrate, the plaintiff's bondsman was there, seeking to withdraw from the bond, which was necessary to enable the cattle to be released, and that the Magistrate then and there, told the pound master that he need not obey the order, because the surety had withdrawn. Now, nothing is more apparent than that the surety could not withdraw from his bond in such a case.

The whole case shows that up to the time of his appeal to Judge Hart, the plaintiff had not been able to obtain justice.

R. P. Kuikahi *v.* Kaopua.

Now, even if the construction placed upon the statute by defendant's counsel, should be the true one, the judgment of the local Circuit Judge, and subsequently of the Circuit Court, was correct and sustainable upon other grounds. The Court can look with but little favor upon appeals made, when cases are submitted in like manner as this was, if the judge should happen in commenting upon the case, to state the law somewhat inexactly, when his entire judgment upon the whole case is correct, and the sustaining of the defendant in his exceptions would not reverse this judgment. Justice Judd decided that it was the duty of the pound master to obey the Magistrate's order; now, an inspection of the order does not show any inaccuracy upon its face; and Section 244 of the Civil Code only states it to be the right of the owner of the cattle to have them returned to him within twenty-four hours upon his filing a bond with the Magistrate, that is, any retention of them after that time by the pound master, is wrong done the owner. But it does not say that if he cannot find the Magistrate within the twenty-four hours, his cattle are to be lost to him irretrievably, and that in such case the pound master has a right to set them up for sale, knock them down for an inconsiderable price to himself; such a construction of the law would be an absurdity. On this occasion the Magistrate happened to be in Honolulu, but if he had happened to go to Hilo on that day to be back on the morrow, or to have gone in the forests, within his own district, or anywhere, *where* his family did not know, it would have been all the same, the order could not have been obtained; and according to the theory now advanced, the cattle would have been lost to him.

The exceptions are overruled.

G. B. Kalaaukane for the plaintiff.

Messrs. S. B. Dole and C. Brown for the defendant.

Honolulu, January 25th, 1877.